UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY PIROZZI, DOMINICK MARROCCO,
ANTHONY D'AQUILA, FRANK FINKEL,
JOSEPH FERRARA, MARC HERBST, THOMAS
PIALI and DENISE RICHARDSON, as Trustees and
Fiduciaries of the Local 282 Welfare, Pension,
Annuity, Job Training, and Vacation and Sick Leave
Trust Funds,

                        Plaintiffs,         **REPORT AND**
                                                   **RECOMMENDATION**
                                                   CV 09-820 (ADS)(ARL)

     -against-

INNOVATIVE DISPOSAL SOLUTIONS,

                      Defendant.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       This matter was referred to the undersigned by District Judge Spatt for the purpose of issuing a report and recommendation as to the damages to be awarded to the plaintiffs upon the entry of a default judgment. On March 9, 2010, the plaintiffs moved for a default judgment against the defendant Innovative Disposal Solutions ("Innovative"). On March 10, 2010, the Clerk of the Court certified Innovative's default, and on July 9, 2010, Judge Spatt entered a default judgment against Innovative. By order dated July 13, 2010, the undersigned directed the plaintiffs to file papers in support of their claim for damages, which they did. Based on the evidence submitted, the undersigned recommends that an order be issued directing the defendant to permit an audit of its book and records within thirty days of the date the order is entered. The court further recommends that pending further submission by the plaintiffs, no decision be made with respect to the plaintiffs' application for unpaid contributions, interest on unpaid

contributions, and liquidated damages. Finally the court recommends that the plaintiffs be awarded $15,097.14 in attorneys' fees and costs.

**DISCUSSION**

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir.), *cert. denied,* 506 U.S. 1080 (1993). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)(citations omitted). Here, the documentary evidence submitted by the plaintiffs provides the basis for an award. *See Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991).

    A. <u>The Claims Against the Defendant.</u>

The complaint alleges that Innovative was a signatory to a collective bargaining agreement with Local 282 covering the period from July 1, 2006 through June 30, 2009 (the "Collective Bargaining Agreement "). *See* Complaint at ¶¶ 2, 10. The complaint also alleges that Innovative is bound by the terms of a Trust Agreement, incorporated by reference in the Collective Bargaining Agreement, and has at least one employee whose work is covered by those agreements. *See* Complaint at ¶¶ 5,8; Ex. A to Cody Decl.

Pursuant to the terms of the Collective Bargaining Agreement, Innovative is obligated to make fringe benefit contributions to the funds for work performed that is covered by the agreement. *See* Complaint at ¶ 11. Innovative is also obligated to report and contribute specified amounts of money based on the number of hours worked by specified individuals for covered work, and upon the plaintiffs' request, to submit its books and records for audit in connection with the payment of such contributions to the funds. *Id.* at ¶¶ 13-18; 40. The books and records to be produced include (1) payroll journals, time cards, printouts, ledgers, or any other form of payroll records, (2) payroll tax records, (3) complete business income tax returns, (4) cash disbursement records, (5) general ledgers, and (6) records relating to hiring of trucks, including equipment vouchers, invoices and payment records. *Id.* at ¶ 41.

Pursuant to the agreements, Innovative submitted remittance reports for December 2006 to December 2008, but most of the reports reflect that there were "no hours." Innovative failed to submit contribution payments for June, part of July and November 2007, which does reflect covered hours. The plaintiffs then attempted to audit Innovative's books and records for the period beginning December 12, 2006. *Id.* at ¶ 43. To date, the defendant has not responded to the plaintiffs' request for an audit. *Id.* at ¶45. According to the complaint, Innovative's refusal to submit its books and records to plaintiffs' auditors in connection with its obligation to make contributions under the terms of the Collective Bargaining Agreement violates section 209 (a) of ERISA, 29 U.S.C. § 1059 (a). That section requires an employer to:

> maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees.

*See LaBarbera v. Bevel Properties, Inc.,* 2004 U.S. Dist. LEXIS 28898 (E.D.N.Y. March 23,

2004)(citing *Jaspan v. Glover Bottled Gas Corp.,* 80 F.3d 38, 39 (2d Cir. 1996)). Section 515 of ERISA, 29 U.S.C. § 1145 further provides:

> [e]very employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make contributions in accordance with the terms and conditions of the plan or such agreement.

Thus, the facts support a finding that when the defendant failed to make contributions and to provide its books and records to the plaintiffs, it violated sections 209 and 515 of ERISA, and the plaintiffs are entitled to damages.

  B. Damages.

  In their complaint, the plaintiffs seek (1) an order directing Innovative to pay unpaid contributions, interest, liquidated damages, administrative costs and attorneys' fees based on the June, July, and November 2007 remittance reports; (2) an order requiring Innovative to submit to produce its books and records for an audit in accordance with ERISA and its obligations under the Trust Agreement within thirty days of the date of the order, (2) an order directing Innovative to pay unpaid contributions, in the event contributions are found to be due and owing as a result of the audit, plus interest and liquidated damages (3) an order awarding damages based on the formula set forth in the Trust Agreement, in the event the books and records have not been maintained, and (4) an an order awarding attorneys' fees and costs. In their supplemental submissions, the plaintiffs specify that they are seeking an award of $9,479.35 for the unpaid contributions for June, July and November of 2007, interest on those contributions in the amount of $3,957.43, additional interest as a liquidated damage in the amount of $3,957.43, an administrative fee in the amount of $375 incurred as a result of Innovative bouncing a check, and

4

$847,376.57 comprised of $527,916.21 in estimated unpaid fringe benefit contributions and $319,460.36 in interest based on that estimate through August 27, 2010. *See* Feldman Supp. Decl. The plaintiffs also seek an award of $15,097.14 in attorneys' fees and costs. The court will examine each of the plaintiffs' requests by the type of award sought.

    1. <u>Unpaid Contributions for June, July and November 2007</u>.

Although the plaintiffs have provided the remittance reports for the three months at issue, the plaintiffs have failed to provide any documentation indicating how they calculated the amount that they claim is due and owing for those months, choosing instead to simply restate the damages figures set forth in the complaint. The court is unable to verify if there is a basis for the amount being sought and recommends that the plaintiffs be given leave to renew their application along with an explanation of how they arrived at this damages figure.

    2. <u>The Request for an Audit</u>.

"The Supreme Court has determined that the right to an audit is consistent with the policies underlying ERISA, the duties under ERISA, and the "positions of the administrative agencies charged with the administration of ERISA.'" *Mason Tenders Dist. Council Welfare Fund v. Asturias, Inc.,* 2003 U.S. Dist. LEXIS 1003 *4 (S.D.N.Y. Jan. 27, 2003). Where, as here, the Collective Bargaining Agreement obligated the defendant to permit an audit and, it has not done so, the trustees are entitled to an order directed the defendant to produce its books and records for such an audit. Thus, the court recommends that an order be issued directing Innovative to permit an audit of their book and records within thirty days of the date the judgment is entered.

    3. <u>Contributions Found to be Due and Owing</u>.

In the addition to seeking an order permitting the audit, the plaintiffs seek an order directing Innovative to pay any unpaid contribution that are found to be due and owing as a result of the audit, plus interest and liquidated damages, in the event that a deficiency in benefit contributions is determined. ERISA allows for the recovery of (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of interest on the unpaid contribution or liquidated damages in an amount not in excess of 20%; and (4) attorneys' fees and costs. *See* 29 U.S.C. §1132(g)(2). Thus, the defendant would be obligated to pay any delinquent contributions found to be owing as well as liquidated damages, interest at a rate of 18% per annum and attorneys' fee.

D. The Penalty

If Innovative fails to produce books and records necessary for the audit, the Trust Agreement sets forth a formula that the plaintiffs may utilize in order to estimate the contributions owed. *See* Complaint at ¶ 62. Specifically, the Trust Agreement provides that if an Employer fails to provide remittance reports and/or books and records for an audit, the trustees may compute the amount of contributions due by adding ten percent to the number of hours for the month in which the largest number of hours were reported in the previous twelve reports submitted by the employer. *See id..* The total number of hours is then to be multiplied by the current contribution rates for the time period at issue. *Id.* Accordingly, the plaintiffs seek an order awarding them $847,376.57 comprised of $527,916.21 in estimated unpaid fringe benefit contributions and $319,460.36 in interest based on that estimate through August 27, 2010.[1] *See* Feldman Supp. Decl.

---

[1]The plaintiffs did not include an amount for estimated liquidated damages.

The District Court must, however, ensure that there is a "basis of the damages specified in the default judgment," and must satisfy itself that the amounts are warranted. *Transatlantic Marine Claims Agency, Inc. v. M/V Hyundai Emperor,* 109 F.3d 105, 111 (2d Cir. 1997). Here, it would be premature for the court to make any recommendation regarding the proper amount of damages until the plaintiffs attempt to conduct the audit especially in light of the fact that innovative did submit reports for the period in question indicating that there were no hours to report. *See* Ex. D to Cody Decl. Once the plaintiffs attempt to conduct the audit or if the defendant refuses to provide its books and records for such audit, the court will have a basis for determining the full amount of damages to be awarded to the plaintiffs.

E. Attorneys' Fees and Costs

The plaintiffs also seek an award of reasonable attorneys' fees and costs incurred through August 27, 2010, in the amount of $14,895.00 and $806.24, respectively, pursuant to 29 U.S.C. § 1132(g)(1). *See* Feldman Decl. ¶¶ 5-14. The plaintiffs' request for an award of attorneys' fees and costs is supported by the statute. When fixing a reasonable rate for the attorneys' fees, it is appropriate, however, for a court to consider and apply the prevailing market rates in the relevant community for similar legal work of lawyers of reasonable comparable skill, experience and reputation. *See Simmons v. New York City Transit Auth.,* 575 F.3d 170, 174 (2d Cir. 2009). A party seeking an award of attorneys' fees must support that request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1154 (2d Cir. 1983). A review of the billing records indicates that the time spent was reasonable. Based upon the declaration of Elise Feldman and the billing records annexed as Exhibits B & C, the

undersigned recommends that the plaintiffs be awarded of attorneys' fees and costs in the amounts of $15,097.14.

## RECOMMENDATION

Based upon the foregoing, the undersigned recommends (1) that an order be issued directing the defendant to permit an audit of its book and records within thirty days of the date the order is entered; (2) that the plaintiffs be given sixty days to complete the audit and to make further submissions with respect to the plaintiff's application for unpaid contributions, interest on unpaid contributions, and liquidated damages from December 2006 to January 2009, for damages for June, July and November of 2007, and for additional attorneys' fees and costs consistent with this report and recommendation; and (3) that the plaintiffs be awarded attorneys' fees and costs in the amounts of $15,097.14.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for plaintiffs shall serve a copy of it on defendants upon receipt and shall file proof of service with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
January 18, 2011

_____/s_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge