**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
THOMAS GESUALDI, LOUSI BISIGNANO,                          **ORDER**
ANTHONY PIROZZI, DOMINICK MARROCCO,                        09-cv-820(ADS)(ARL)
ANTHONY D'AQUILA, FRANK FINKEL,
JOSEPH FERRARA, MARC HERBST, THOMAS
PIALI and DENISE RICHARDSON, as Trustees
and Fiduciaries of the Local 282 Welfare, Pension,
Annuity, Job Training, and Vacation and Sick
Leave Trust Funds,

                                        Plaintiffs,

                -against-

INNOVATIVE DISPOSAL SOLUTIONS, LLC.,

                                        Defendant.
------------------------------------------------------------------X

**APPEARANCES:**
**Cohen, Weiss and Simon LLP**
*Attorneys for the Plaintiffs*
330 West 42nd Street
New York, NY 10036
        By: Tzvi N. Mackson, Esq.
                Joseph J. Vitale, Esq., of Counsel

**NO APPEARANCE:**
Innovative Disposal Solutions, LLC

**SPATT, District Judge.**

        The Plaintiffs, Thomas Gesualdi, Louis Bisignano, Anthony Pirozzi, Dominick

Marrocco, Anthony D'Aquila, Frank Finkel, Joseph Ferrara, Marc Herbst, Thomas Piali, and

Denise Richardson, as Trustees and Fiduciaries of the Local 282 Welfare, Pension, Annuity, Job

Training, and Vacation and Sick Leave Trust Funds, commenced this action on or about

February 25, 2009, asserting claims for damages and injunctive relief pursuant to Employee

Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. 1001 *et seq.*

On July 9, 2010, the Court entered a default judgment against the Defendant, and referred the matter to United States Magistrate Judge Arlene R. Lindsay for an inquest as to damages. On January 18, 2011, Judge Lindsay issued a thorough Report recommending that the Court deny damages for the unpaid contributions for June, July and November 2007, because there was an inability to verify if there was a basis for the amount being sought. In this regard, Judge Lindsay recommended that the Plaintiffs be given leave to renew their application along with an explanation of how they arrived at this damages figure. In addition, Judge Lindsay recommended: (1) that an order be issued directing the Defendant to permit an audit of its books and records within thirty days of the date the order was entered; (2) that the Plaintiffs be given sixty days to complete the audit and to make further submissions with respect to the Plaintiffs' application for unpaid contributions, interest on unpaid contributions, and liquidated damages from December 2006 to January 2009; for damages for June, July and November of 2007; and for additional attorneys' fees and costs consistent with her report and recommendation; and (3) that the Plaintiffs be awarded attorneys' fees and costs in the amounts of $15,097.14.

On March 25, 2011, the Court adopted Judge Lindsay's Report and Recommendation in its entirety, and directed the Clerk of the Court to enter a partial default judgment against the Defendant in the amounts recommended by Judge Lindsay, specifically the award of attorneys' fees. In addition, the Court directed the Defendant to permit an audit of its books and records within thirty days of the date that the order was entered, and the Plaintiffs were given sixty days from the date the order was entered to complete the audit and to make further submissions with respect to the Plaintiffs' application for unpaid contributions, interest on unpaid contributions, and liquidated damages from December 2006 to January 2009; for damages for June, July and

November of 2007; and for additional attorneys' fees and costs consistent with Judge Lindsay's report and recommendation.

Subsequently, on June 24, 2011, after one extension of time granted by the Court, the Plaintiffs filed a Second Supplemental Declaration in Support of the Plaintiffs' Request for a Default Judgment by Theresa Cody, a senior member of the Collections Department for the Funds, as well as a declaration from one of the Plaintiffs' attorneys. (See Docket Entries Nos. 24 & 25.) However, these documents were filed as a "Reply" instead of as supplemental submissions. These matters are still outstanding.

On October 25, 2012, the Plaintiffs' counsel filed a letter with this Court, pointing out that the above submissions were apparently misfiled, and that the Plaintiffs' application for unpaid contributions, interest on unpaid contributions, and liquidated damages was still pending. The Plaintiffs are correct that the substance of the documents comports with the Court's directive dated March 25, 2011. Therefore, the Court will now address the Plaintiffs' request for supplemental damages.

### A. Unpaid Contributions for June, July and November of 2007

In their original submissions in support of their motion for a default judgment, the Plaintiffs provided the remittance reports for the three months at issue, but failed to provide any documentation indicating how they calculated the amount that they claim is due and owing for those months, choosing instead to simply restate the damages figures set forth in the complaint. For this reason, Judge Lindsay recommended, and this Court agreed, that the Plaintiffs be given leave to renew their application along with an explanation of how they arrived at this damages figure. The Court will now analyze the Plaintiffs' renewed request for damages in light of their additional submissions.

In their complaint, the Plaintiffs sought an award of $9,479.35 for unpaid contributions

for June, July and November of 2007. (Compl. at ¶¶ 22-26.) Specifically, the Plaintiffs sought

$3,987.15 for the month of June, $2,315.51 for the period of July 1 through July 12, and

$3,176.69 for the month of November. (Id.) In the Second Supplemental Declaration submitted

by the Plaintiffs, Theresa Cody, an employee of the Plaintiffs, attempts to update the complaint

and her previous submission in connection with these contributions. She asserts that the total

amount of unpaid contributions for the month of July is $4,584.53, not $2,315.51. (See Cody

Second Supp. Decl. at ¶ 5.) Although the Plaintiffs have now provided the court with sufficient

documentary evidence to support the award, damages must be limited to the amount set forth in

the complaint. Rule 54(c) of the Federal Rules of Civil Procedure clearly states that "[a] default

judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

See Fed. R. Civ. P. 54(c). The Second Circuit has narrowly construed this rule holding that "[b]y

limiting damages to what is specified in the [complaint], the rule ensures that a defendant who is

considering default can look at the damages clause, [and] satisfy himself that he is willing to

suffer judgment in that amount." Silge v. Merz, 510 F.3d 157,160 (2d Cir. 2007). Accordingly,

the Plaintiffs will be awarded $9,479.35 in connection with the unpaid contributions for June,

July and November 2007. See 29 U.S.C. § 1132(g)(2).

**B. Additional Estimated Contributions for January 1, 2007 to November 1, 2007**

The Plaintiffs are also seeking an award of $439,553.38 for unpaid contributions from

January 1, 2007 to November 1, 2007. (See Compl. at ¶¶ 57–67; Cody Second Supp. Decl. at ¶¶

10–11.) The contributions alleged to be due and owing for this time period are based on an audit

of remittance reports submitted by the Defendant from December 12, 2006 to October 31, 2009.

(See Cody Second Supp. Decl. at Ex. D.) In support of this claim, the Plaintiffs rely on a formula set forth at Article IX, Section 1(f) of the Trust Agreement, which provides:

> In the event the Employer submits the required remittance reports, but thereafter such Employer fails to submit the pertinent books and records for audit within 20 days after written demand, such failure shall be a material breach of the Trust Agreement. In such event the Trustees and/or their agents may compute the additional contributions due for any month by taking 50 percent of the number of hours reported for that month and then multiplying said number of hours by the current contribution rate.

(Cody 3/9/10 Decl. at Ex. A.) Here, despite the Plaintiffs' demand and the Court's Order dated March 25, 2011, the Defendant has not submitted to an audit for the period from December 2006 to January 2009. The Order dated March 25, 2011 directed the Defendant to permit an audit of its books and records within thirty days of the date the order was entered. A copy of the order along with the Magistrate Judge's Report and Recommendation, the Partial Default Judgment, and an audit demand were mailed to the Defendant via overnight and first class mail at its last known address. The mail was returned marked "UTF" (i.e. unable to forward). (Anspach Decl. at ¶ 4.)

Accordingly, the Plaintiffs are also entitled to an award of $439,553.38, representing the additional contributions due for January 2007 to November 2007. (See Cody Second Supp. Decl. at ¶11, Exs. D-E (audit and remittance reports).)

## C. Interest

The Plaintiffs also seek interest on the unpaid contributions for June, July and November 2007 in the amount of $3,954.04, plus daily interest at a rate of $4.67 from December 31, 2009 to date, and on the additional contributions due for January 2007 through November 2007 in the amount of $ 331,148.51. (Id. at ¶15; Cody 3/9/10 Decl. at ¶ 12.) In addition, the Plaintiffs seek $3.39 because the June and July 2007 contributions were not received in a timely manner. (See

Cody 3/9/10 Decl. at ¶ 10.)  However, the Court will not consider this amount in its

determination because the Plaintiffs have not explained whether it is included in the $3,954

interest calculation.

ERISA section 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B), mandates an award of interest

on unpaid contributions.  Here, the Plaintiffs have based their interest calculations on Article IX,

section 3 of the Trust Agreement.  According to the Plaintiffs, this particular provision provides

for interest "at a rate of 1 ½ % per month of each monthly amount due for each month from the

first day of the month when the payment was due to the date when the payment was made."  (See

Compl. at ¶29; Cody 3/9/10 Decl. at ¶ 11; Cody Supp. Decl at ¶14).  However, Article IX,

Section 3 of their Trust Agreement does not contain that language.  Rather, the Trust Agreement

provides that interest shall be awarded "at a rate specified in Section 5-501 of the General

Obligations Law of the State of New York . . . ."  (See Cody 3/9/10 Decl. at Ex. A.)

Section 5-501 provides that the rate of interest "shall be six percent per annum unless a

different rate is prescribed in section fourteen-a of the banking law."  N.Y. Gen. Oblig. Law §5-

501(1).  Section 14-a(1) of New York's Banking Law provides that "[t]he maximum rate of

interest provided for in section 501-1 of the general obligations law shall be sixteen per centum

per annum."  N.Y. Banking Law §14-(a)(1).  Moreover, "Section 14-1(5) makes it clear that the

"maximum" rate of interest reference in Section 14-a(a) is also the "prescribed" rate of interest

for purposes of New York General Obligations Law §5-501(6)(a)."  See LaBarbera v. A.

Morrison Trucking, 197 Fed. App'x 18, 21 (2d Cir. 2006).  Based on the language in the Trust

Agreement and the applicable statutes, the rate of interest that should have been applied is 16%.

Accordingly, the Plaintiffs are directed to resubmit an interest calculation based on that amount.

**D. Liquidated Damages**

Similarly, the Plaintiffs seek additional interest as a liquidated damage in the amount of $331,148.51. ERISA section 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c), also allows for an award of statutory damages equal to the greater of interest on unpaid contributions or liquidated damages provided for in the plan not to exceed 20 percent of the unpaid contributions. The Trust Agreement also provides for "[a]dditional damages equal to the greater of: (1) The amount of interest charged on unpaid contributions, or (2) Liquidated damages in the form of 20% of the unpaid contributions." Accordingly, the Plaintiffs are also directed to resubmit a revised liquidated damages calculation based on the correct interest rate, as set forth above.

**E. Attorneys' Fees**

Finally, Judge Lindsay recommended that the Plaintiffs be awarded of attorneys' fees and costs in the amount of $15,097.14. The Court adopted this recommendation and this amount of damages has already been entered by this Court. (See Docket Entry No. 22.) Therefore, the Court need not consider this portion of the Plaintiffs' requested damages award.

For the foregoing reasons, it is hereby

**ORDERED** that the Plaintiffs are directed to submit a proposed order to the Court on or before March 18, 2013. This proposed order should reflect the unpaid contributions for June, July and November of 2007 that the Court has awarded; the additional estimated contributions for January 1, 2007 to November 1, 2007 that the Court has awarded; interest recalculated at a rate of 16%; and a revised liquidated damages calculation based on the correct interest rate.

**SO ORDERED.**

Dated: Central Islip, New York
February 13, 2013

__/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge